JILL H. COFFMAN, NY BAR 2307098
CHRISTY J. KWON, CA BAR 217186
MARTA NOVOA, CA BAR 292487
CARMEN LEON, CA BAR 249981, Counsel for Service
National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, California  94103-1735
Telephone Number: (415) 356-5176
FAX: (415)356-5156
E-mail address:  Carmen.Leon@nlrb.gov

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. FRANKL, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>                    Petitioner,<br><br>   vs.<br><br>BAUER'S INTELLIGENT TRANSPORTATION, INC.,<br><br>                    Respondent. | Civil No.<br><br><br>PETITION FOR INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED [29 U.S.C. SECTION 160(j)] |

To the Honorable Judges of the United States District Court, Northern District of California:

   Comes now Petitioner Joseph F. Frankl, Regional Director of Region 20 of the National Labor Relations Board (the Board), and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160 (j)] (the Act), for appropriate injunctive relief

pending the final disposition of the matters herein involved now pending before the Board on an Amended Consolidated Complaint and Notice of Hearing of the General Counsel of the Board charging Bauer's Intelligent Transportation, Inc. (Respondent), is engaging in unfair labor practices in violation of Section 8(a)(1) and (2) of the Act [29 U.S.C. § 158(a)(1) and (2)]. In support thereof, Petitioner respectfully shows as follows:

## DISTRICT COURT JURISDICTION

Jurisdiction of the Court is invoked pursuant to Section 10(j) of the Act, which provides, *inter alia*, that the Board shall have power, upon issuance of a complaint charging that any person has engaged in unfair labor practices, to petition any United States district court within any district wherein the unfair labor practices in question are alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary injunctive relief or restraining order pending final disposition of the matter by the Board. 29 U.S.C. § 160 (j)

## BOARD'S PROCEDURAL HISTORY

1. Petitioner is the Regional Director of Region 20 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board, which has authorized the filing of this petition.

2. (a) On March 12, 2015, the Local 665, International Brotherhood of Teamsters (the Union), filed a charge in Board Case 20-CA-148119 alleging that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) of the Act.

 (b) On April 30, 2015, the Union filed a charge in Board Case 20-CA-151225 alleging that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (2) of the Act.

3. The aforesaid charges were referred to Petitioner as Regional Director of Region 20 of the Board.

4. Upon investigation, Petitioner determined that there is reasonable cause to believe that the Section 8(a)(1) and (2) allegations in the aforesaid charges are true.

5. On August 18, 2015, Petitioner, as Regional Director of Region 20 of the Board upon the charges in Board Cases 20-CA-148119 and 20-CA-151225, and pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued an Amended Consolidated Complaint and Notice of Hearing (Complaint) against Respondent alleging, *inter alia*, that Respondent is engaging in unfair labor practices in violation of Section 8(a)(1) and (2) of the Act. [1]

6. On September 14, 2015, and consecutive dates as necessary, a hearing on the allegations of the Complaint will commence before an Administrative Law Judge.

7. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, true copies of the aforesaid Complaint (Exhibit A) and the original charges in Board Case 20-CA-151225 (Exh. B1 and B2)[2], are attached hereto and are incorporated herein as though fully set forth.

**STRONG LIKELIHOOD OF SUCCESS ON THE MERITS**

9. There is a strong likelihood that, in the underlying administrative proceeding in Board Cases 20-CA-148119 and 20-CA-151225, Petitioner will establish that the allegations set forth in the Complaint are true and that Respondent engaged in,

---

[1] The Complaint alleges additional violations of Section 8(a)(1) of the Act for which this Petition does not seek relief.

[2] All references to exhibits are labeled "Exh." followed by the paragraph number.

and is engaging in, unfair labor practices in violation of Section 8(a)(1) and (2) of the Act. More specifically, and as more particularly described in the Complaint attached hereto, Petitioner alleges that there is a strong likelihood that Petitioner will establish the following allegations which are the subject of this petition:

(a) Respondent has been a California corporation with offices and places of business in San Francisco, Santa Clara and Los Angeles, California and has been engaged in the business of providing transportation services. (Exh. A at paragraph 2(a))

(b) The Union has been a labor organization within the meaning of Section 2(5) of the Act. (Exh. A at paragraph 4)

(c) The Professional Commuter Drivers Union (PCDU) has been a labor organization within the meaning of Section 2(5) of the Act. (Exh. A at paragraph 5)

(d) At all material times, the following individuals held the following positions and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

(i) Gary Bauer, Chief Executive Officer

(ii) Clarence Murdock, Road Supervisor

(iii) William Amos, Executive Director of Human Resources & Safety

(iv) Todd Benson, Chief Operating Officer (Exh. A at paragraph 6)

## SURVEILLANCE OF UNION ACTIVITIES

(e) On or about March 12, 2015, Respondent by William Amos, Todd Benson, and Clarence Murdock, at the corner of Terry Francois Boulevard and Third Street in San Francisco, engaged in surveillance of employees' union activities. (Exh. A at paragraph 7(b))

## DOMINATION OF A LABOR ORGANIZATION

(f) From about March 6 to about March 12, 2015, Respondent, by Clarence Murdock, at Respondent's San Francisco and Santa Clara facilities and at bus/shuttle stops along the drivers' routes:

(i) Suggested to employees that they form a union to deal with Respondent concerning wages, hours, and other terms and conditions of employment;

(ii) Rendered assistance and support to the Professional Commuter Drivers Union (PCDU) by soliciting employees on work time regarding a union affiliated with Murdock, including requesting employees' signatures. (Exh. A, at paragraph 9(a))

(g) Since about March 6, 2015, Respondent, by Clarence Murdock:

(i) Served as Chief Union Representative of the PCDU;

(ii) Established policies and procedures, and participated in the affairs of the PCDU. (Exh. A at paragraph 9(b))

(h) On about March 13, 2015, Respondent at its San Francisco facility:

(i) Permitted the PCDU to hold a meeting in the employee breakroom;

(ii) Conducted a meeting of the PCDU. (Exh. A at paragraph 9(c))

(i) Since about March 12, 2015, Respondent, by Gary Bauer, recognized and bargained with PCDU as the exclusive collective-bargaining representative of certain of its employees. (Exh. A at paragraph 9(d))

**UNLAWFUL ASSISTANCE AND SUPPORT OF PCDU**

(j) Since about March 6, 2015, Respondent has provided assistance and support to the PCDU by:

(i) Permitting Clarence Murdock to solicit employees who were on work time;

(ii) Permitting Clarence Murdock to solicit employees while on company property;

(iii) Permitting Clarence Murdock to conduct PCDU-related matters, including soliciting employees and negotiating a collective-bargaining agreement, while on work time;

(iv) Allowing Clarence Murdock access to company property and employees on work time for PCDU business, including meetings; and

(v) Permitting Clarence Murdock to use company vehicles for PCDU business. (Exh. A at paragraph 10)

## UNLAWFUL RECOGNITION OF A MINORITY UNION

(k) Since about March 12, 2015, Respondent, by Gary Bauer, has recognized and bargained with the PCDU as the exclusive collective-bargaining representative of the following employees of Respondent (the Unit):

All commuter drivers employed by Respondent in San Francisco and Santa Clara, California (the "San Francisco Bay Area"), exclusive of supervisory personnel. At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. § 152(5)]. (Exh. A at paragraph 11(a))

(l) On about March 23, 2015, Respondent, by Gary Bauer, entered into and since then has maintained and enforced a collective-bargaining agreement with the PCDU. (Exh. A at paragraph 11(b))

(m) Respondent recognized and bargained with PCDU as the exclusive collective-bargaining representative of the Unit and entered into and has since then maintained and enforced a collective-bargaining agreement with PCDU even though the PCDU did not represent an uncoerced majority of the Unit. (Exh. A at paragraph 11)

## ALLEGED VIOLATIONS OF THE ACT

(n) By the conduct described above in paragraph 9(e), Respondent has been interfering with, restraining, and coercing employees in exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act. (Exh. A at paragraph 12)

(o) By the conduct described above in paragraphs 9(f) through 9(l), Respondent has dominated and interfered with the formation and administration of,

and has been rendering unlawful assistance and support to, a labor organization in violation of Section 8(a)(1) and (2) of the Act. (Exh. A at paragraph 13)

   (p) By the conduct described above in paragraphs 9(j) through 9(m), Respondent has been rendering unlawful assistance and support to, a labor organization in violation of Section 8(a)(1) and (2) of the Act. (Exh. A at paragraph 14)

   (q) The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act. (Exh. A at paragraph 15)

## **INJUNCTIVE RELIEF IS JUST AND PROPER**

10. It may fairly be anticipated that, unless enjoined, Respondent will continue to repeat the act and conduct set forth in subparagraphs 9(e) through 9(m), or similar or like acts in violation of Section 8(a)(1) and (2) of the Act.

11. Upon information and belief, it is submitted that unless the aforesaid flagrant unfair labor practices are immediately enjoined and appropriate injunctive relief granted, Respondent's violations of the Act will continue, with the result that enforcement of important provisions of the Act and of the public policy will be frustrated before Respondent can be placed under legal restraint through the administrative procedures set forth in the Act consisting of a Board Order and an Enforcement Decree of the United States Court of Appeal.  It is likely that substantial and irreparable harm will result to Respondent's employees and their statutorily protected right to organize and designate a labor organization of their choice unless the aforesaid unfair labor practices are immediately enjoined and appropriate relief granted. Unless injunctive relief is immediately obtained, the effectiveness of the Board's final order will likely be nullified,

the administrative procedure rendered meaningless, and Respondent will continue in its above-described unlawful conduct during the pendency of the proceedings before the Board, with the result that, during this period, the rights of Respondent's employees guaranteed and protected by Section 7 of the Act [29 U.S.C. § 157] to exercise their right to choose their own bargaining representative, or none at all, will be frustrated and denied.

12. Upon information and belief, it is submitted that, in balancing the equities in this matter, if injunctive relief is not granted, the harm that will be suffered by the Union, the employees, and the public interest, and the purposes and policies of the Act greatly outweighs any harm that Respondent may suffer if such injunctive relief is granted.

13. Upon information and belief, to avoid the serious consequences referred to above, it is essential, just and proper, and appropriate for the purposes of effectuating the remedial purposes of the Act and avoiding substantial and irreparable injury to such policies, the public interest, the employees, and the Union, and in accordance with the purposes of Section 10(j) of the Act that, pending final disposition by the Board, Respondent be enjoined and restrained as herein prayed.

WHEREFORE, Petitioner respectfully requests the following:

(1) That the Court issue an order directing Respondent to file an Answer to each of the allegations set forth and referenced in this Petition, and to appear before the Court, at a time and place fixed by the Court, and show cause, if any there be, why, pending final disposition of the matters herein involved, now pending before the Board, Respondent, its officers, representatives, supervisors, agents, servants, employees,

attorneys and all persons acting on its behalf or in participation with it, should not be enjoined and restrained from the acts and conduct described above, similar or like acts, or other conduct in violation of Section 8(a)(1) and (2) of the Act, or repetitions thereof, and that the instant Petition be disposed of on the basis of the Board affidavits and without oral testimony, absent further order of the Court.

    (2) That the Court issue an order directing Respondent, its officers, representatives, supervisors, agents, servants, employees, attorneys and all persons acting on its behalf or in participation with it, to *cease and desist* from the following acts and conduct, pending the final disposition of the matters involved now pending before the Board:

    (a) giving effect to or enforce the collective-bargaining agreement that it entered with Professional Commuter Drivers Union (PCDU) on or about March 23, 2015, provided, however, that nothing in this Order shall require Respondent to vary or abandon any existing wages or benefits established for employees by its current agreement with the PCDU;

    (b) surveilling employees' union activities; and

    (c) interfering with, restraining, or coercing employees in the exercise of their Section 7 rights in any like or related manner.

    (3) That the Court further order Respondent, its officers, representatives, supervisors, agents, servants, employees, attorneys and all persons acting on its behalf or in participation with it, to take the following steps pending the final disposition of the matters herein involved now pending before the Board within five days of issuance of this Court's order:

    (a) withdraw and withhold recognition from PCDU;

    (b) post the district court's order at its facilities where notices to its employees are customarily posted;

    (c) At a time(s) that maximize(s) employee attendance, Gary Bauer, Owner/CEO, (Bauer) in the presence of a Board Agent and Union representatives, or a Board Agent in the presence of Bauer and Union representatives, read a copy of this Court's order to all Commuter Drivers;

    (d) mail a copy of the district court order to all Commuter Drivers employed since March 6, 2015; and

    (e) file and serve upon the Regional Director of Region 20 of the Board, a sworn affidavit from a responsible official describing with specificity the manner in which Respondent has complied with the terms of the Court's decree, including the locations of the posted Court order.

  (4) That upon return of said Order to Show Cause, the Court issue an order enjoining and restraining Respondent as prayed and in the manner set forth in Petitioner's proposed temporary injunction lodged herewith.

  (5) That the Court grant such other and further temporary relief that may be deemed just and proper.

//

 Pursuant to Local Rule 7-6 of the Local Rules of the Court, Petitioner does not desire oral testimony at the hearing and estimates that the amount of time required for the hearing will be one hour.

  DATED AT San Francisco, California, this 21st day of August, 2015.

                /s/ Carmen León
_____
CARMEN LEÓN
Attorney for Petitioner
NATIONAL LABOR RELATIONS BOARD
901 MARKET STREET, SUITE 400
SAN FRANCISCO, CA 94103

ATTORNEYS FOR PETITIONER:

JILL H. COFFMAN
      Regional Attorney, Region 20

CHRISTY J. KWON
      Supervisory Attorney, Region 20

CARMEN LEÓN
      Field Attorney, Region 20

MARTA NOVOA
      Field Attorney, Region 20